# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE:

| | |
|---|---|
| **RODERICK MARK VANDERWEYDEN** <br> **SSN: xxx-xx-8713** <br><br> Debtor. | **CASE NO: 23-80287-CRJ-13** <br><br> **CHAPTER 13** |

---

**RODERICK MARK VANDERWEYDEN,**

    Plaintiff,

v.                                    **AP NO.: 23-_____**

**SHELLEY ANN VANDERWEYDEN,**
**MARCUS HELSTOWSKI, and**
**McDANIEL & McDANIEL, LLC**

    Defendants.

## COMPLAINT

COMES NOW the Debtor in this Bankruptcy Case and Plaintiff in this Adversary Proceeding, RODERICK MARK VANDERWEYDEN, and for COMPLAINT against the Defendants, SHELLEY ANN VANDERWEYDEN, MARCUS HELSTOWSKI, and McDANIEL & McDANIEL, LLC, would show unto this Honorable Court as follows:

1

## PARTIES, JURISDICTION AND NATURE OF ACTION

1. Roderick Mark Vanderweyden is the Debtor in the above-referenced Chapter 13 Bankruptcy Case commenced on February 17, 2023. This Complaint is being brought pursuant to 11 U.S.C. § 105 and Rule 9019(a) of the Bankruptcy Rules.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. In accordance with Bankruptcy Rules 9019(a) and 2002, the Complaint is being served on all parties-in-interest and all parties filing a Notice of Appearance.

4. The Defendant, Shelley Ann Vanderweyden, is the ex-wife of the Plaintiff, Roderick Mark Vanderweyden, and has pursued a domestic relations case in the Madison County, Alabama, and has sought and received Judgments and Orders from the Madison County Circuit Court involving property of the Bankruptcy Estate, with full knowledge that the Plaintiff is in Bankruptcy, and without first seeking permission from the U.S. Bankruptcy Court to pursue and receive State Court Judgments. The Defendant currently resides in North Carolina, but previously resided in Madison County, Alabama, and has pursued Judgments and Orders to be enforced against the proceeds from the sale of the previous marital residence of the parties.

5. The Defendant, Marcus Helstowski, is a domestic relations attorney with a practice located in Madison County, Alabama. The Defendant has practiced law continuously since 2004 and knew or should have known not to pursue civil judgments against an individual actively in a Bankruptcy Case without first obtaining relief and permission from the U.S. Bankruptcy Court.

6. The Defendant, McDaniel & McDaniel, LLC, is an Alabama Limited Liability Company formed in 1996, and is the employer of the Defendant, Marcus Helstowski, and, as such, is liable for the actions of their employee and agent, which actions were pursued in the ordinary course of this Defendant's business. This Defendant's principal place of business is located in Madison County, Alabama.

7. On or about April 11, 2023, the Defendants caused to be filed with the Madison County Circuit Court a "Motion To Enforce And/Or Clarify Divorce Decree" against the Plaintiff, Roderick Mark Vanderweyden, a copy of which is attached hereto as Exhibit "A". The Motion states as follows:

> 3. It was disclosed by counsel for the Defendant during the course of the trial of this matter that the Defendant has once again, filed a bankruptcy action.
>
> 4. It is clear from the Defendant's actions, that he will stop at no length to obfuscate the authority of this Court in an attempt to evade court orders and to cause irreparable harm to his former wife of 48 years.
>
> 5. The marital home remains the largest asset of the marital estate.

8. The Plaintiff's attorney, Josh O'Neal, at the beginning of the hearing referenced in the pleading, informed the Circuit Court and the Defendants that the Plaintiff was in a Chapter 13 Bankruptcy Proceeding with this Honorable Court, and Mr. O'Neal provided all of the parties and the Circuit Court Judge with the Bankruptcy Court Case Number (23-80287) for Plaintiff's Chapter 13 case.

9. Despite having actual knowledge of the Automatic Stay Order in Plaintiff's Chapter 13 case, the Defendants filed the Motion to Enforce in an attempt to obtain Judgments against the Plaintiff, and enforce those against the Plaintiff's previous marital residence.

10. On April 12, 2023, the Madison County Circuit Court set the Motion to Enforce And/Or Clarify Divorce Decree for hearing on April 19, 2023. A copy of the Order from the Madison County Circuit Court setting hearing is attached hereto as Exhibit "B".

11. On April 19, 2023, the Defendants appeared for a final hearing on the Petition to Modify despite having both notice and actual knowledge of the commencement of the Plaintiff's Chapter 13 Case, and the Defendants have continued to try to collect money from the Plaintiff, moved to have Plaintiff held in Civil Contempt, and have obtained a Judgment which they intend to enforce against the proceeds derived from the sale of the Plaintiff's marital residence.

12. With full knowledge that the Plaintiff was under the protection of the Automatic Stay Order, the Defendants obtained a Judgment against the Plaintiff for $5705.00 for attorney fees, a Judgment for $33,116.46 for the Court's perceived one-half of the value of 156 shares of QinetiQ Group PLC stock (actually worth $1626.50 USD on April 11, 2023), and an order that "the judgments awarded herein to the Plaintiff shall be deducted from the proceeds from the sale of the marital residence of the Defendant to ensure that the Defendant will comply with this Court's Orders". A copy of the Order entered by the Madison County Circuit Court on April 19, 2023 is attached hereto as Exhibit "C".

13. On June 6, 2023, the Defendants filed a Motion for Clarification in an attempt to obtain an Order from the State Court to clarify the Defendants' position that they should receive payment for the April 19 Judgment Amounts directly from the Plaintiff's one-half of the sales proceeds from the sale of the marital home.

The Motion states as follows:

> 5. As the Defendant surreptitiously placed the home into bankruptcy days before the matter came before the Court for trial, and failed to notify the Court until after the conclusion of the trial, an issue has arisen in the division of the closing proceeds.
>
> 6. The parties' now have a contract on the home, and are due to close on that home within the next 30 days.
>
> 7. In discussion with the parties' real estate agent, the Defendant has taken the position through his bankruptcy attorney that the Plaintiff is only due her equitable portion of the proceeds of the sale of the home, that the Defendant is due approximately $16,000.00 as his homestead exemption, and that the balance of the proceeds are to be paid into the Defendant's bankruptcy.
>
> 8. Should the Defendant prevail in his argument, it is unlikely that the Plaintiff will ever recover the judgments due to her, and the Defendant will continue to skirt this Court's Orders.

9. The Plaintiff would respectfully request an Order clarifying the Court's prior order, notifying the parties', their real estate agent, and the closing agent that the Plaintiff is due to be paid ½ of the home equity upon closing, in addition to the sums awarded to her by virtue of this Court's Order, which total $38,821.46, and that the $38,821.46 should be dispersed by the closing agent on the date of closing, by making payment directly to the Plaintiff in the amount of $33,116.46 and payment directly to Plaintiff's counsel in the amount of $5705.00.

A copy of the Motion for Clarification filed with the Madison County Circuit Court is attached hereto as Exhibit "D".

14. On June 6th, 2023, the Circuit Court of Madison County, Alabama issued an Order on Defendants' Motion for Clarification that reads as follows:

While this Court believes that its Order is abundantly clear, this Court will restate its Order in these simple terms, the Plaintiff/Wife shall receive ½ share of the proceeds from the sale of the marital residence. This Court's Order is that $33,116.46 (value of the QinetiQ Group, PLC Stock awarded to the Wife) and $5705.00 (attorney's fees incurred by the Plaintiff) shall be deducted from the Defendant's ½ share of the proceeds from the sale of the marital residence and awarded to the Plaintiff to satisfy the judgments entered against the Defendant.

A copy of the June 6, 2023 Order from the Madison County Circuit Court is attached hereto as Exhibit "E".

15. The Plaintiff, Roderick Mark Vanderweyden, brings this action to recover the actual damages he has sustained as a result of the Defendants' willful violation of the Automatic Stay in this case, and to recover Punitive Damages from the Defendants for this violation. The Plaintiff further seeks recovery of his attorney fees and costs incurred in the filing and pursuit of this action. The Plaintiff further seeks an Declaratory Judgment that the State Court Orders that originated out of the Madison County Circuit Court on April 19, 2023, and on June 6, 2023 (Exhibits C & E) are *void ab initio* as having been entered without Jurisdiction and in violation of the Automatic Stay Order entered by this Honorable Court, and accordingly, that they are null, void and of no legal effect.

16. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Mr. Vanderweyden's estate, requests money from the estate, and affects the adjustment of the debtor-creditor relationship between Vanderweyden and the Defendants. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Section 157 (b) (2) (A), (E), and (O), and 28 U.S.C. Section 1334 (b). Courts in the Eleventh Circuit have stated that "any rights arising from a violation of the Automatic Stay are substantive rights created by the Bankruptcy Code and are thus quintessentially core matters" <u>Walker v. Got'cha Towing & Recovery, LLC</u> (<u>In re Walker</u>), 551 B.R. 679, 686 (Bankr. M.D. Ga. 2016) *citing* <u>Banks v. Kam's Auto Sales</u> (<u>In re Banks</u>), 521 B.R. 417, 420 (Bankr. M.D. Ga. 2014).

17. Section 362 (k) (1) of the United States Bankruptcy Code provides that "an individual injured by any willful violation of the Stay provided in this section shall recover actual damages, including costs and attorney fees, and in appropriate circumstances, may recover punitive damages."

18. In the case of Parker v. Credit Central South, Inc. (In re Parker), 634 Fed. Appx. 770 (11th Cir. 2017) the Eleventh Circuit held that the costs and attorney fees incurred by a debtor "to halt the violation of the Automatic Stay and to prosecute his action for damages constitutes an injury." Id at 773.

19. In Mantiply v. Horne (In re Horne), 876 F.3d 1076 (11th Cir. 2017), the Eleventh Circuit held that nothing in the text of Section 362 (k) (1) limits the scope of attorney's fees to solely ending the stay violation. Congress made sure to add that Section 362 (k) (1)'s definition of "actual damages" includes costs and attorney fees. See Alan N. Resnick & Henry J. Sommer, 3 *Collier on Bankruptcy* Section 362.12 (3) (16th Ed. 2014) [hereafter "Collier"] ("Attorney's fees incurred in prosecuting an action to obtain full relief under the statute, including any entitlement to actual and punitive damages, is as much a part of the debtor's "actual damages" as those incurred in stopping the stay violation".). Congress did not say that the costs and attorney fees were limited to ending the stay violation, but rather spoke to a full recovery of damages including fees and costs incurred from violating the stay. This explicit, specific, and broad language permits recovery of attorney's fees incurred in stopping the stay violation, prosecuting a damages action, and defending those judgments on appeal.

## CLAIM – WILLFUL VIOLATION OF THE AUTOMATIC STAY

20. The Plaintiff incorporates by reference the allegations contained in paragraphs one through sixteen above into this paragraph by reference, as if appearing more fully herein.

21. As is admitted in the Pleadings filed by the Defendants in the Madison County Circuit Court, the Defendants had actual notice and knowledge of the Plaintiff's Chapter 13 Bankruptcy filing.

22. Rather than seek relief from this Honorable Court, or seek to have the property issues resolved by this Court, the Defendants made a conscious decision to proceed in willful violation of this Court's Orders and pursued and obtained Orders from the Madison County Circuit Court, *void ab initio* as being entered in contravention of the Automatic Stay Order. Once the marital property was listed for sale, the Defendants went back to the Madison County Circuit Court to obtain a "clarification order" which is an attempt to have the void judgment amounts deducted from property of the Bankruptcy Estate (the Plaintiff's share of the marital residence), which money should be paid to all of the Plaintiff's creditors pro rata, and in accordance with the mandate of the U.S. Bankruptcy Code.

23. Pursuant to Section 362 (a) of the United States Bankruptcy Code, the commencement of the Plaintiff's Chapter 13 Case gave rise to the Automatic Stay which, among other things, prohibits the Defendants from attempting to collect from the Plaintiff any money or property owed by the Plaintiff to the Defendants.

24. Under 11 U.S.C. Section 362:

> "**(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5 (a) (3) of the Securities Investor Protection Act of 1970, operates as a stay applicable to all entities, of…
>
> **(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.
>
> **(2)** the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> **(6)** any act to collect, assess, or recover a claim against the debtor that arose before commencement of the case under this title,"

**(7)** the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor;

The actions of the Defendants violate 11 U.S.C. Section 362 (a) as set forth in this Complaint.

25. Despite having actual knowledge and notice of the Automatic Stay in place in this Chapter 13 case, the Defendants pursued and obtained purported Judgments from the Madison County Circuit Court, and further Orders that said Judgments be paid from the Plaintiff's one-half of the closing proceeds to be realized upon the sale of the previous marital residence. These Judgments and Orders were entered in violation of the Automatic Stay and are *void ab initio*. In re Caffey, 384 B.R. 297 (Bankr. S.D. Ala. 2008). Plaintiff seeks a Declaratory Judgment from this Honorable Court that the Orders that issued from the Madison County Circuit Court on April 19, 2023 and June 6, 2023 (Exhibits C and E) are null, void, and of no legal effect.

26. The Plaintiff sustained injury and damage as a result of the Defendants' violation of the Automatic Stay, including costs and attorney fees in defending the illegal State Court Proceedings, emotional distress and anguish, and other actual damages.

27. The Defendants' actions evince contempt and disdain for this Court, the Orders it issues, and the protection afforded Debtors by Title 11 of the United States Code.

28. Under 11 U.S.C. Section 362 (k) (1), the Plaintiff, Roderick Mark Vanderweyden, is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against the Defendants for their willful and intentional violations of the Automatic Stay. Proceeding with the State Court Action after receiving actual notice and knowledge of the Plaintiff's Chapter 13 Bankruptcy filing shows a marked indifference to the Federal Law and the Orders of this Honorable Court and indicates that the Defendants do not have a proper respect for the Automatic Stay Order issued by this Honorable Court.

29. The Plaintiff, Roderick Mark Vanderweyden, has been emotionally distressed as a direct and proximate result of the Defendants' actions.

**WHEREFORE, THE FOREGOING PREMISES CONSIDERED**, the Plaintiff prays that this Honorable Court enter an Order:

(A) That the Orders issued by the Madison County Circuit Court on April 19, 2023 and June 6, 2023, as attached at Exhibits C and E are ***void ab initio***, and are determined to be null, void, and of no legal effect.

(B) Awarding the Plaintiff compensatory damages against the Defendants including the attorney's fees and costs incurred by the Plaintiff in defending the illegal State Court Proceedings as well as emotional distress and anguish damages.

(C) Awarding the Plaintiff punitive damages against the Defendants in an amount not less than $120,000.00 for their willful and intentional violations of the Automatic Stay, such damages being intended to instill in the Defendants, and other similarly situated creditors, due respect for this Court and its lawful Orders

and to deter such creditors from taking similar action against other debtors in the future;

(D)  Voiding any Debt owed by the Plaintiff to the Defendants; and

(E)   Granting unto the Plaintiff such other, further and different relief as unto your Honor seems just and proper in the premises.

/s/ G. John Dezenberg, Jr.
G. JOHN DEZENBERG, JR.
Attorney for the Debtor
2700 Winchester Road, Suite G
Huntsville, Alabama 35811
Phone: (256) 533-5097

Service:

Shelley Ann Vanderweyden
9001 Chelsea Drive
Raleigh, NC  27603

Marcus Helstowski
223 East Side Square
Huntsville, AL  35801

McDaniel & McDaniel, LLC
Henri B. McDaniel, Registered Agent
223 East Side Square
Huntsville, AL  35801